## Edward Lincoln & *als. versus* Daniel White.

The interest of a mortgagee in land, prior to foreclosure, is not attachable.

A conveyance of land, belonging to a copartnership firm, in which all the co-partners join, carries with it a presumption, in the absence of any proof, that the consideration money went to the benefit of the firm.

Writ of entry, to recover an undivided fourth part of a parcel of land in Bangor, called the Coombs wharf.

The plaintiffs are the heirs at law of Benjamin Lincoln, in whose name the suit was brought, and who have come in since the decease of said Benjamin, and prosecute the suit.

At the trial, before Howard, J. the plaintiffs introduced the following evidence of title. A mortgage given in 1835, by Royal Clark to Ephraim Lincoln, Samuel J. Foster, and Benjamin Brown; also a foreclosure of the mortgage perfected on the 24th February, 1841, by a possession taken under a *habere facias*, on the 24th February, 1838; and also a deed of warranty, from said Ephraim Lincoln, Foster and Brown,

dated the 23d of February, 1841, conveying the land to their ancestor, Benjamin Lincoln.

The defendant introduced a writ in his favor, against said E. Lincoln, Foster and Brown, dated Aug. 20, 1839, and the return of an attachment thereon, of the same date, of all defendants' real estate, in said county of Penobscot ; also the judgment in said suit, at the January term, 1842, and the execution, issued on said judgment, dated January 8, 1842, and a levy on the demanded premises, made January 19, 1842, which was seasonably recorded.

The defendant read Foster's discharge in bankruptcy, obtained on Foster's own application. He also offered Foster's deposition, which was objected to.

It was then agreed that so much of the deposition as was legally admissible, should be used, and that the matter be submitted to the Court for a legal decision. The view, taken by the Court of the facts stated in the deposition, will appear in their opinion.

*J. & M. L. Appleton,* for plaintiffs.

1. The plaintiffs' title is good. The defendant gained nothing by his attachment. The mortgagees had no attachable interest. *Smith* v. *People's Bank,* 24 Maine, 185.

2. The levy, 19th January, 1842, was after plaintiffs' title. The law of copartnership does not affect the matter. The land was held by them as tenants in common, not as copartners. *Blake* v. *Nutter,* 19 Maine, 16.

3. The question arising from the payment being made by one only of the copartners, cannot be raised here, if it can at all. Equity alone, has cognizance of such matters.

*Washburn,* for defendant.

1. The defendant's title relates back to his attachment.

2. The deed to Benjamin Lincoln conveyed no title. It was a warranty in common form. It did not assign or pretend to assign the debt secured by Clark's mortgage. It would no more convey the land, than a levy would. It was made after the defendant attached the land, and was therefore subject to that attachment.

3. The defendant has title independent of the attachment on the writ. E. Lincoln, Foster & Brown were copartners. On 19th January, 1842, (the day of the defendant's levy) the title was in the firm, *as to their creditors.* As against the defendant, a large creditor of the firm, the deed to B. Lincoln was inoperative ; or if not inoperative, it passed the estate in trust for creditors.

The firm, each and every member of it, was hopelessly insolvent from 1839.

4. The conveyance to B. Lincoln was without consideration, or it was for the sole benefit of one member, E. Lincoln.

5. B. Lincoln, the father of E. Lincoln, took the deed, in fraud of company creditors. He knew of the insolvency, and yet took the conveyance in payment of a debt due to him from *one* of the company. An insolvent firm cannot give security on company property for a debt due from one of the members, to the injury of the company creditors.

6. By taking the deed, under such circumstances, B. Lincoln became seized of the property in trust, by implication of law, for the joint creditors, or such of them as should take the land in satisfaction of their debts. White was such a creditor at the date of the deed to B. Lincoln ; he levied on this property after the foreclosure became absolute ; he therefore (in this view) became *cestui que trust.* He is *cestui que trust in possession.* The plaintiffs *as trustees* cannot recover the possession from him. *Burnside* v. *Merrick,* 4 Metc. 537 ; *Dyer* v. *Clark,* 5 Metc. 562.

The deed to B. Lincoln, be it remembered, was nearly two years after the dissolution. *Blake* v. *Nutter,* 1 App. 16, is not opposed to this.

Blake was not a *creditor of the firm.* Nutter was defendant, and though he might have held in trust for the creditors of the *firm,* he did not for *Blake.* Had Blake been *defendant in possession, and in under a levy, as a creditor of the firm,* could *Nutter, in that case, have dispossessed him ?* That is the question, and is this case.

The conveyance, under the circumstances, (the insolvency,

the dissolution, the knowledge, the private debt, the security,) though made by all the members, was in law a fraud on the joint creditors, and the grantee (B. Lincoln,) would hold in subordination to their interest.

WELLS, J. — On the eleventh day of July, 1835, Royal Clark conveyed the demanded premises in mortgage to Ephraim Lincoln, Samuel J. Foster and Benjamin Brown, who conveyed the same premises to Benjamin Lincoln, the ancestor of the demandants, by their deed, bearing date, Feb. 23, 1841.

Ephraim Lincoln, Foster & Brown, recovered judgment for the premises against Clark, in October, 1837, by virtue of said mortgage, and by a writ of *habere facias*, were put into the possession of the same, Feb. 24, 1838. Three years from the time of the entry having expired, there is now an absolute estate in the demandants.

The tenant caused an attachment to be made of the premises, on the 20th of August, 1839, as the property of Ephraim Lincoln, Foster & Brown, and having obtained judgment in his action, made a levy of his execution upon them, January 19, 1842.

But at the time of making the attachment, the interest of the debtors was that of mortgagees, before a foreclosure had taken place, and was not attachable. *Smith* v. *People's Bank*, 24 Maine, 185. Such interest may be conveyed by deed, and before the tenant's levy, it was transferred to the ancestor of the demandants.

But it is contended that the mortgagees of Clark were partners, who were insolvent, and that the money, obtained by the conveyance to Benjamin Lincoln, was received by one of the partners, and appropriated to his benefit alone, and that the tenant, a creditor of the firm, has a right to hold the premises, against that conveyance.

A sufficient answer to this position is, that the testimony of Samuel J. Foster, which is introduced to prove the fact, does not show such appropriation. He does not appear to know what disposition was made of the money received.

The deed, having been given by all the partners, conveyed all their title, and the presumption is, that the consideration went for the benefit of the firm. The grantee would not be accountable for the disposition of it, by the firm, or any one of its members.

According to the agreement of the parties, the tenant must be defaulted, and an auditor appointed, to determine the amount of the rents and profits to which the demandants are entitled.